# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 16, 2004 Session

## STATE OF TENNESSEE v. ANTHONY LEE HILL

### Appeal from the Criminal Court for Scott County
### No. 7706    E. Shayne Sexton, Judge

---

### No. E2003-02998-CCA-R3-CD - Filed March 17, 2005

---

The Appellant, Anthony Lee Hill, was convicted by a Scott County jury of nine counts of sexual battery and received an effective two-year split confinement sentence with service of six months in the county jail. On appeal, Hill raises two issues for our review: (1) whether the evidence is sufficient to support the nine convictions and (2) whether the statutory language of the phrase "can reasonably be construed as being for the purpose of sexual arousal or gratification" improperly lessens the State's burden of proof and is, thus, unconstitutional.[1] After review, the judgments of conviction are affirmed.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

John E. Appman, Jamestown, Tennessee, Attorney for the Appellant, Anthony Lee Hill.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Wm. Paul Phillips, District Attorney General; John W. Galloway, Jr., Deputy District Attorney General; and Sarah H. West Davis, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1]The Appellant's brief presented a third issue involving imposition of community supervision for life pursuant to Tennessee Code Annotated section 39-13-524. However, at oral argument, appellate counsel announced that this issue as presented was moot and requested withdrawal of its consideration on appeal.

# OPINION

## Factual Background

During a two-year period between 1998 and 2000, the Appellant had inappropriate sexual contact with his stepdaughter on numerous occasions. The victim, A.M.A.[2], was fifteen years old when the events began to occur. The incidents came to light when the victim was interviewed by sheriff's deputies regarding separate allegations of abuse by the Appellant. A.M.A. initially denied any inappropriate behavior by the Appellant but, in a second interview, detailed several instances of behavior which she said were not consensual.

After being questioned by Tennessee Bureau of Investigation Agent David Slagel, the Appellant provided the following handwritten statement:

> I have never inserted anything into [A.M.A.'s] vagina. I have saw [A.M.A.] naked on numerous occasions in the house. I have been in contact with [A.M.A.'s] vagina for numerous reasons - - medically - - and on more than one occasion was sexually stimulated by this. This contact with her was merely as above, but privately I thought otherwise sexually.

> I have in the past come into contact with her in the hallway, bathroom and living room and has (sic) hugged her in a towel, nightgown, etc. I have never had sex with AMA. I do love her and would not harm her. I also love her mother, and anything I've done above, I have deep feelings for her, not sexual. Those are for my loving wife.

> I have "snuggled up" to [A.M.A.] on the couch because she was a woman, not because of my daughter. I have never "messed" with anyone in church, public, etc., [A.M.A.] otherwise. Though stimulated by her, I did not think about having sex with her. It has been awhile - - over a month since I have thought about her.

> There was twice I have washed her back in the shower. I done this and got out this year. The medical reasons were for rashes, [two times] - - a tick one time and severe razor burns, [two times] to which she asked for help within the last two years.

> . . . Though, for medical reasons, when I did get around her vaginal region, I was stimulated.

> . . . Asked here today if I have ever touched [A.M.A.] for sexual stimulation and given above answer, I would have to say not at that time but later, yes. When it

---

[2] In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials. *State v. Schimpf*, 782 S.W.2d 186, 188 n. 1 (Tenn. Crim. App. 1989).

happened, I did not do it for the reason of stimulation, but it did happen, and I am sorry for it. . . .

On occasions when I did come into contact with [A.M.A.], naked or nightgown, it did sexually turn me on. On more than once I came into contact hoping this would happen. Contact has been with my hand, never my penis, etc. Signed, Anthony L. Hill, 9-22-00.

The Appellant also informed Agent Slagel that he had showered with his stepdaughter to save water.

On November 17, 2000, a Scott County grand jury returned an indictment against the Appellant charging him with twelve counts of sexual battery. The factual basis for the twelve individual counts, as reflected in the State's response to the Appellant's "Motion for a Bill of Particulars," is as follows:

Count 1- Occurred- August- 1[-] September 2000 in the bedroom of [the Appellant and his wife] while [A.M.A.] was talking on the telephone to Marla Henry and consisted of [the Appellant] putting his mouth on the clothes covering the vaginal area of [A.M.A.] and then pinching her vaginal area with his hand.

Count 2- Occurred September 1999- September 2000 in the shower in the bathroom and consisted of [the Appellant] touching the breasts of [A.M.A.] while he showered with her after telling her that they should shower together so as to save time and water.

Count 3- Occurred September 1999- September 2000 in the shower in the bathroom and consisted of [the Appellant] touching the breasts of [A.M.A.] while he showered with her and soaped her.

Count 4- Occurred September 1999- September 2000 in the shower in the bathroom and consisted of [the Appellant] touching the breasts of [A.M.A.] while he showered with her and washed her with a lather cloth or sponge and during which his penis became partially erect.

Count 5 - Occurred late spring or summer 2000 in the shower in the bathroom and consisted of [the Appellant] touching the breasts of [A.M.A.] while he showered with her after he had been mowing the yard outside.

Count 6- Occurred October 1998- September 2000 in the bedroom of [the Appellant and his wife] while [A.M.A.] talked to Heather Laxton on the telephone about going to the movies and consisted of [the Appellant] touching her breasts over her clothes.

Count 7- Occurred October 1998- September 2000 in the bedroom of [A.M.A.] and consisted of [the Appellant] painting flowers around the nipples of her breasts.

Count 8- Occurred October 1998- September 2000 in the bedroom of [A.M.A.] and consisted of [the Appellant] touching the vagina of [A.M.A.] underneath her flannel shorts.

Count 9- Occurred October 1998- September 2000 and consisted of [the Appellant] touching the breasts of [A.M.A.] underneath a creme-colored robe that she had pinned together with a safety pin.

Count 10- Occurred October 1998- September 2000 in the bedroom of [the Appellant] and consisted of [the Appellant] touching the breasts of [A.M.A.] underneath her t-shirt when she was asking him what he wanted her to fix for supper.

Count 11- Occurred October 1998- September 2000 and consisted of [the Appellant] touching the vaginal area of [A.M.A.] while he was examining her vagina in response to her complaint of a razor burn.

Count 12- Occurred October 1998- September 2000 and consisted of [the Appellant] touching the breasts of [A.M.A.] after she asked him about a skin condition just below her neck.

The victim testified at trial with regard to the facts of each of the above incidents. Further, the victim testified regarding another incident which occurred in their home. During this encounter, the Appellant turned on some romantic music, turned off all the lights, lit some candles, and poured two wine glasses of "Arbor Mist," an alcoholic beverage. He then proceeded to kiss the victim on her neck. When A.M.A. resisted, the Appellant put away the wine and the candles.

Following the proof, the jury found the Appellant guilty of nine counts of sexual battery and not guilty of three counts, specifically Counts 6, 7, and 10. After a sentencing hearing, the Appellant was sentenced to two years for each conviction, with service of six months in the county jail on each, followed by supervised probation. The nine sentences were ordered to be served concurrently. The Appellant's motion for new trial was denied, with this appeal following.

**Analysis**

On appeal, the Appellant has raised two issues for our review. First, he challenges the sufficiency of the convicting evidence for each of his sexual battery convictions. Second, he argues that the statutory language of the phrase "can reasonably be construed as being for the purpose of sexual arousal or gratification," as defined by Tennessee Code Annotated section 39-13-501(6), improperly lessens the State's burden of proof for a conviction for sexual battery and is, thus, unconstitutional.

-4-

## I. Sufficiency of the Evidence

The Appellant challenges the sufficiency of the evidence with regard to his convictions. Specifically, he argues that the proof fails to establish that any contact he might have had with the victim was not for purposes of sexual arousal or gratification. Additionally, he argues that the proof failed to establish that the victim did not consent to the conduct.

In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant was convicted of nine counts of sexual battery, which as relevant here, requires unlawful sexual contact with the victim by the defendant when the contact is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the contact that the victim did not consent. Tenn. Code Ann. § 39-13-505(a)(2) (2003). Sexual contact is defined as "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can reasonably be construed as being for the purposes of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6) (2003).

Based upon the testimony of the victim and the Appellant's own admissions, it is clear that the evidence is sufficient to establish the fact that sexual contact occurred between the victim and the Appellant on multiple occasions. Nonetheless, the Appellant contests the convicting proof which relates to the elements of the crime: (1) that sexual contact was accomplished without the consent of the victim, and (2) that physical contact was for the purpose of sexual arousal or gratification.

In contesting the issue of the victim's consent, the Appellant asserts that "in all of these 12 Counts the victim was getting in the bed and in the shower with the defendant, and not the defendant getting in the bed or in the shower with the victim." He relies up the following testimony given by the victim at trial:

> [A.M.A.]: He said, "I'm gonna take a cool shower," and it was a pretty hot day. And he said – he said, "You want to take one with me? Come on, we can go in there and, you know, just a cool shower or whatever and cool us both off." And I was like, okay.
> . . .
> [Trial Counsel]: And you asked him to wash your back?
> [A.M.A.]: Yeah.
> [Trial Counsel]: Is that time one of these counts that's shown there on - -
> [A.M.A.]: No.
> . . .
> [Trial Counsel]: And you would - - you were the one that went into the bedroom and laid down with him and went to sleep; is that correct?
> [A.M.A.]: Yeah. He was asleep on the other side of the bed, so I got on Mom's side of the bed and just crashed out, but nothing happened during then.

Clearly, with regard to two of these incidents, the Appellant's reliance upon this testimony is misplaced, as they were not incidents of misconduct charged in the indictment. Additionally, we would note that the record also demonstrates that the victim clearly testified that she did not consent to the Appellant's conduct and that she specifically testified that she objected to the manner in which she was touched. When asked if she had ever tried to prevent him from touching her, she testified that when the incidents occurred, she would try to "shy" away from the Appellant to stop him but that this only made him angry and that he would then try to get her in trouble with her mother. A.M.A. stated that she did not tell her mother because her mother was happy in her marriage with the Appellant and that she did not want to hurt her mother. Any inconsistencies in her testimony were resolved by the trier of fact. *Pappas*, 754 S.W.2d at 623. It is not our prerogative to reweigh or reevaluate the testimony presented.

Likewise, the question of whether the contact was for the purpose of sexual arousal or gratification on the part of the Appellant was a question for the jury to resolve. The Appellant admitted, in his statement, that "on more than one occasion [he] was sexually stimulated" by the contact, even if it was for a medical purpose. The Appellant further admitted snuggling up to the victim on the couch "because she was a woman, not because of my daughter," and that when he came "into contact with [A.M.A.], naked or nightgown, it did sexually turn me on." Additionally, the victim testified that on one occasion when the Appellant was in the shower with her, he became partially erect. At trial, the Appellant defended upon grounds that the contact was not for sexual purposes; however, this argument was obviously rejected, as evidenced by the jury's verdict. Taken in the light most favorable to the State, we conclude that the proof was more than sufficient to permit

a jury to conclude beyond a reasonable doubt that the Appellant was guilty of the nine counts of sexual battery as found by the jury.

## II. Constitutionality of Tenn. Code Ann. § 39-13-505

Last, the Appellant asserts that the crime of sexual battery is unconstitutional because the offense relies upon Tennessee Code Annotated section 39-13-501(6) for the definition of sexual contact, the proscribed conduct. He asserts that the language contained in section 39-13-501(6), "can reasonably be construed," lowers the State's burden of proof beyond a reasonable doubt standard.[3] The challenged statute defines sexual contact as follows:

> "Sexual contact" includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, *if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification*."

Tenn. Code Ann. § 39-13-501(6) (emphasis added).

The phrase "for purposes of sexual arousal or gratification" simply defines the nature and purpose of the "sexual contact." The requirement of a particular purpose, to arouse or gratify sexual desire, distinguishes the crime of sexual battery from an ordinary assault and from non-criminal touching or contact. *See* MODEL PENAL CODE § 213.4 (1980). The statutory language has no application to the State's burden of proof. Accordingly, we find the Appellant's argument misplaced. Moreover, this court has previously determined that the statutory definition of "sexual contact" does not diminish the State's burden of proof. *State v. David H. Owen*, 1989 Tenn. Crim. App. LEXIS 387 (Tenn. Crim. App. at Knoxville, Oct. 2, 1989). The court reasoned:

> In our view none of the § [39-13-501][4] definitions reduce the state's burden of proof. In satisfying the prerequisite proof of the element of *unlawful* sexual contact, the state had the burden to prove, and obviously did prove, beyond a reasonable doubt the appellant's purpose; that is, the sexual contact was for the purpose of sexual arousal or gratification.. . .

---

[3]The entirety of the Appellant's argument for this proposition is as follows:

The cases of *In Re Winship*, 397 U.S. 358 (1970), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002), *Blakely v. Washington*, 02-1632 (U.S., 2004) established that each element of crime or fact required for conviction must be proven beyond a reasonable doubt.

[4]At the time this opinion was issued, the statue under review was codified at Tennessee Code Annotated section 39-2-602.

The United States Supreme Court in the case of *In Re Winship*, 398 U.S. 357, 90 S. Ct. 1068, 25 L.E.2d 368 (1970), explicitly held:

> The Due Process Clause protects the accused against conviction *except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.* (Emphasis added).

> The prosecution of the appellant under the statutory law of which he complains has not served to violate his constitutional rights of due process.

*Id*. As did the court in *Owen*, we conclude that the Appellant's convictions were based upon proof beyond a reasonable doubt of every element necessary to establish the crime of sexual battery. This issue is without merit.

## CONCLUSION

Based upon the foregoing, the Appellant's nine judgments of convictions for sexual battery are affirmed.

_____
DAVID G. HAYES, JUDGE